■ In the Matter of CLARIBEL R. NAVARRETE, Appellant, v RICHARD W. WYATT, Respondent. [861 NYS2d 393]—

In a child custody proceeding pursuant to Domestic Relations Law article 5-A, the mother appeals from an order of the Family Court, Kings County (Hepner, J.), dated June 11, 2007, which granted the father's motion to dismiss the petition on the ground that the Family Court lacked subject matter jurisdiction.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the mother's contention, the Family Court properly granted the father's motion to dismiss her custody petition for lack of subject matter jurisdiction. The Uniform Child Custody Jurisdiction and Enforcement Act (hereinafter the UCCJEA) (*see* Domestic Relations Law § 75-a *et seq.*) defines a child's home state as "the state in which a child lived with a parent . . . for at least six consecutive months immediately before the commencement of a child custody proceeding" (Domestic Relations Law § 75-a [7]). Under the UCCJEA, "[h]ome state jurisdiction is paramount and whether to accept jurisdiction is a home state prerogative" (Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 76, 2008 Pocket Part, at 127). Here, it is undisputed that the child was born in New Jersey, and lived in that state until just a few days before the mother commenced this custody proceeding in the Family Court, Kings County. Furthermore, upon communicating with the Superior Court of New Jersey in accordance with the requirements of Domestic Relations Law § 75-i, the Family Court confirmed that a custody proceeding initiated by the father was pending in New Jersey, and that the Superior Court was exercising jurisdiction because New Jersey was the child's home state. Accordingly, the Family Court properly determined that New York did not have jurisdiction over this custody dispute (*see* Domestic Relations Law § 76). Moreover, in light of the Superior Court's determination to

exercise jurisdiction over the New Jersey custody proceeding, there was no need for the Family Court to exercise temporary emergency jurisdiction (*see* Domestic Relations Law § 76-c).

The mother's remaining contention is without merit. Spolzino, J.P., Santucci, Eng and Leventhal, JJ., concur.