■ In the Matter of NADER GHARACHORLOO, Appellant, v ZAHRA FARIMA F. AKHAVAN, Respondent. [889 NYS2d 256]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from (1) so much of an order of the Family Court, Westchester County (Edlitz, J.), entered November 12, 2008, as dismissed his petition for custody of the parties' children, and (2) so much of an order of the same court dated June 17, 2009, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered November 12, 2008, is dismissed, without costs or disbursements, as that order was superseded by the order dated June 17, 2009, made upon reargument; and it is further,

Ordered that the order dated June 17, 2009, is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the father's contention, the Family Court properly dismissed his petition for custody of the parties' children for lack of subject matter jurisdiction. The Uniform Child Custody Jurisdiction and Enforcement Act (hereinafter the UCCJEA) (*see* Domestic Relations Law § 75-a *et seq.*) defines a child's home state as "the state in which a child lived with a parent . . . for at least six consecutive months immediately before the commencement of a child custody proceeding" (Domestic Relations Law § 75-a [7]; *Matter of Navarrete v Wyatt,* 52 AD3d 836 [2008]). Under the UCCJEA, "[h]ome state jurisdiction is paramount and whether to accept jurisdiction is a home state prerogative" (*Matter of Navarrete v Wyatt,* 52 AD3d 836 [2008]). Here, it is undisputed that the children were born in New York but had resided in Iran for several years prior to the father commencing this custody proceeding in the Family Court, Westchester County. Accordingly, the Family Court properly determined that New York did not have jurisdiction over this custody dispute (*see* Domestic Relations Law § 76). Moreover, there was no basis for the Family Court to exercise temporary emergency jurisdiction (*see* Domestic Relations Law § 76-c).

The father's remaining contentions are without merit. Dillon, J.P., Florio, Balkin and Leventhal, JJ., concur.