■ In the Matter of CYNTHIA JABLONSKY-URSO, Appellant, v THOMAS URSO, Respondent. [930 NYS2d 243]—

Contrary to the mother's contention, the Family Court properly granted that branch of the father's motion which was to dismiss her petition for custody of the parties' son for lack of subject matter jurisdiction. Domestic Relations Law § 75-a (7) defines a child's home state as "the state in which a child lived with a parent . . . for at least six consecutive months immediately before the commencement of a child custody proceeding" (*see Matter of Navarrete v Wyatt*, 52 AD3d 836 [2008]). Under the Uniform Child Custody Jurisdiction and Enforcement Act, "[h]ome state jurisdiction is paramount and whether to accept jurisdiction is a home state prerogative" (*Matter of Navarrete v Wyatt*, 52 AD3d at 836). Here, the Family Court properly determined that New York was not the subject child's home state and, therefore, that New York did not have jurisdiction over this custody dispute (*see* Domestic Relations Law § 76).

However, the Family Court erred in refusing to exercise temporary emergency jurisdiction over the family offense petition (*see* Domestic Relations Law § 76-c) and in summarily dismissing the family offense petition upon its finding that the allegations contained in the mother's family offense petition were insufficient to sustain a family offense.

The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court (*see Matter of Hall v Hall*, 45 AD3d 842 [2007]; *Matter of Pastore v Russo*, 38 AD3d 556 [2007]), and the allegations asserted in a petition seeking the issuance of an order of protection must be

supported by "a fair preponderance of the evidence" (Family Ct Act § 832; *see Matter of Hasbrouck v Hasbrouck*, 59 AD3d 621 [2009]; *Matter of Patton v Torres*, 38 AD3d 667 [2007]). The Family Court in this instance improperly determined that the mother failed to demonstrate that the father possessed the intent required to sustain any of the family offenses alleged in the petition, as it did so without the benefit of a hearing.

Based on the foregoing, that branch of the father's motion which was to dismiss the family offense petition must be denied and the matter remitted to the Family Court, Suffolk County, for a fact-finding hearing and a determination of the family offense petition with respect to the allegations contained therein.

The parties' remaining contentions are without merit or need not be reached in light of our determination. Mastro, J.P., Chambers, Austin and Cohen, JJ., concur.