The subject child was born in New York on November 20, 2007. The father stated that the mother brought the child to Bangladesh on May 7, 2008. The father filed a custody petition dated December 30, 2008. The father’s petition for custody was dismissed on the ground that New York lacked jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (see Domestic Relations Law art 5-A; hereinafter the Act).
*584 The Act was enacted, inter alia, to provide an effective mechanism to obtain and enforce orders of custody and visitation across state lines (see Domestic Relations Law § 75). Under the Act, specific and limited grounds are set forth to establish initial child custody jurisdiction, including, inter alia, that “this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state” (Domestic Relations Law § 76 [1] [a]). The home state of the child is “the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding” (Domestic Relations Law § 75-a [7]). A court of this state “which has made a child custody determination . . . has exclusive, continuing jurisdiction over the determination” until certain other conditions are met (Domestic Relations Law § 76-a [1]). For purposes of the Act, a court must treat a foreign country as if it were a state of the United States (see Domestic Relations Law § 75-d).
Here, the Family Court properly determined that New York was not the child’s home state since, as the father concedes, the child did not live in New York for at least six consecutive months immediately before the commencement of this child custody proceeding (see Domestic Relations Law § 75-a [7]), and New York was not the home state of the child within six months before the commencement of the proceeding (see Domestic Relations Law § 76 [1] [a]). Furthermore, contrary to the father’s contention, the Family Court did not have continuing jurisdiction pursuant to Domestic Relations Law § 76-a (1), inasmuch as no prior custody determination had been made. Accordingly, the Family Court properly dismissed the petition for lack of jurisdiction (see Matter of Jablonsky-Urso v Urso, 88 AD3d 711, 712 [2011]). Florio, J.P., Balkin, Hall and Miller, JJ., concur.