■ In the Matter of JASMINDA ODETTE AGUEDA, Appellant, v JOAQUIN RODRIGUEZ, Respondent. [960 NYS2d 142]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from (1) a decision of the Family Court, Richmond County (Oakes, Ct. Atty. Ref.), dated April 3, 2012, and (2) an order of the same court, also dated April 3, 2012, which, upon the decision, granted the father's motion to dismiss the petition for lack of subject matter jurisdiction, and denied her cross motion for temporary custody of the subject child and to set a visitation schedule.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

The parties are the parents of a daughter who was born in 1999, and who has lived at times with the mother and at times with the father. In July 2010, while the child was residing with the mother, the mother allegedly asked the father if the child could visit with him for several weeks at his home in Texas. The father agreed, and on July 7, 2010, the child arrived in Texas. At some point thereafter, the father informed the mother that the child wished to remain in Texas and that he had enrolled her in school there. The mother agreed to allow the child to complete the school year in Texas, but she claims that she and the father agreed that the child would return to New York after the completion of the 2010-2011 school year. According to the mother, in July 2011 the father told the mother that the child would not be returning to New York, so she filed the instant petition for custody. The father moved to dismiss the petition on the ground that the Family Court lacked jurisdiction pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (hereinafter the UCCJEA), and the Family Court granted the motion.

Under the UCCJEA, "[h]ome state jurisdiction is paramount and whether to accept jurisdiction is a home state prerogative" (*Matter of Jablonsky-Urso v Urso*, 88 AD3d 711, 712 [2011], quoting *Matter of Navarrete v Wyatt*, 52 AD3d 836, 836 [2008]). A court of this state has jurisdiction to make an initial custody determination if it is the child's home state (*see* Domestic Relations Law § 76 [1] [a]). A home state is defined as "the state in which a child lived with a parent . . . for at least six consecutive months immediately before the commencement of a child custody proceeding" (Domestic Relations Law § 75-a [7]). The definition of a home state also permits a period of temporary absence during that six-month time period (*see id.*).

Here, the Family Court correctly determined that it lacked subject matter jurisdiction, as the child did not live in New York for at least six consecutive months immediately before the commencement of the child custody proceeding (*see* Domestic Relations Law § 75-a [7]). Therefore, the Family Court properly granted the father's motion to dismiss the mother's custody petition for lack of jurisdiction (*see Matter of Malik v Fhara*, 97 AD3d 583 [2012]) and properly denied the mother's cross motion for temporary custody of the subject child and to set a visitation schedule.

The mother's remaining contentions are without merit. Dillon, J.P., Angiolillo, Leventhal and Miller, JJ., concur.