■ In the Matter of TAMARI E., Respondent, v AUTHER L., Appellant. (Proceeding No. 1.) In the Matter of AUTHER L., Appellant, v TAMARI E., Respondent. (Proceeding No. 2.) [2 NYS3d 369]—

Appeals from two orders of the Family Court, Kings County (Anthony Cannataro, J.), both dated May 22, 2013. The first order, insofar as appealed from, granted the mother's motion to dismiss the father's petitions alleging a violation of an existing order of custody and visitation with respect to the subject child Jaydmrie. The second order dismissed the father's petition for joint legal custody and visitation with respect to the child Janelle.

Ordered that the orders dated May 22, 2013, are affirmed insofar as appealed from, without costs or disbursements.

The Family Court correctly determined that it lacked exclusive continuing jurisdiction pursuant to Domestic Relations Law § 76-a (1) with respect to the child Jaydmrie, even though the father lived in New York, because the child had not maintained a significant connection with New York, and substantial evidence was no longer available in New York concerning Jaydmrie's "care, protection, training, and personal relationships" (Domestic Relations Law § 76-a [1] [a]; *see Matter of Ramirez v Sygutowska*, 91 AD3d 787, 787 [2012]). Accordingly, the Family Court did not err in granting that branch of the mother's motion which was to dismiss the father's petitions alleging a violation of an existing order of custody and visitation with respect to Jaydmrie (*see Matter of Ramirez v Sygutowska*, 91 AD3d at 787).

The Family Court also correctly dismissed the father's petition for joint legal custody and visitation with respect to the child Janelle. New York State is not, and never was, Janelle's "home state" (Domestic Relations Law § 76 [1]; *see Matter of Agueda v Rodriguez*, 103 AD3d 716, 717 [2013]).

The parties' remaining contentions either are without merit or have been rendered academic in light of our determination. Skelos, J.P., Balkin, Hall and Maltese, JJ., concur.