■ In the Matter of LATANYA F. SLADE, Appellant, v PATRICK D. WHITE, Respondent. [21 NYS3d 266]—Appeals from a decision of the Family Court, Queens County (Julie Stanton, Ct. Atty. Ref.), dated July 30, 2014, and two orders of that court, also dated July 30, 2014. The first order dated July 30, 2014, granted the father's renewed motion to dismiss the mother's

custody petition for lack of subject matter jurisdiction. The second order dated July 30, 2014, upon the first order, dismissed the mother's custody petition, with prejudice.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the orders are affirmed, without costs or disbursements.

The father filed a renewed motion to dismiss the mother's custody petition on the ground that the Family Court lacked jurisdiction pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (*see* Domestic Relations Law art 5-a [hereinafter the UCCJEA]). Under the UCCJEA, New York courts have jurisdiction to make an initial custody determination if New York is the child's home state (*see* Domestic Relations Law § 76 [1] [a]; *Matter of Agueda v Rodriguez*, 103 AD3d 716, 717 [2013]). The UCCJEA defines "home state" as "the state in which a child lived with a parent . . . for at least six consecutive months immediately before the commencement of a child custody proceeding" (Domestic Relations Law § 75-a). "The definition of a home state also permits a period of temporary absence during that six-month time period" (*Matter of Agueda v Rodriguez*, 103 AD3d at 717, citing Domestic Relations Law § 75-a). Under the UCCJEA, home state jurisdiction is paramount, and whether to accept jurisdiction is a home state prerogative (*see Matter of Gharachorloo v Akhavan*, 67 AD3d 1013, 1014 [2009]).

Here, contrary to the mother's contention, the Family Court correctly determined that it lacked subject matter jurisdiction, since the subject child did not live in New York for at least six consecutive months immediately before the commencement of this child custody proceeding (*see* Domestic Relations Law § 75-a [7]). Accordingly, the court properly granted the father's renewed motion to dismiss the mother's custody petition for lack of subject matter jurisdiction, and dismissed the petition (*see Matter of Agueda v Rodriguez*, 103 AD3d at 717; *Matter of Malik v Fhara*, 97 AD3d 583 [2012]; *Matter of Gharachorloo v Akhavan*, 67 AD3d at 1014; *cf. Sanjuan v Sanjuan*, 68 AD3d 1093, 1094-1095 [2009]; *see also Matter of Sara Ashton McK. v Samuel Bode M.*, 111 AD3d 474, 475 [2013]; *Matter of Joy v Kutzuk*, 99 AD3d 1049, 1050-1051 [2012]; *Matter of Michael McC. v Manuela A.*, 48 AD3d 91, 96 [2007]).

The mother's remaining contentions are without merit. Dillon, J.P., Chambers, Austin and Sgroi, JJ., concur.