STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 17-245


MONOJIT BANERJEE

VERSUS

SHALINI BANERJEE


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2016-1197
HONORABLE DAVID A. BLANCHET, DISTRICT JUDGE

**********

**CANDYCE G. PERRET
JUDGE**

**********

Court composed of Elizabeth A. Pickett, John E. Conery, and Candyce G. Perret, Judges.


**AFFIRMED.**

**Richard Damian Mere**
**Attorney at Law**
**P. O. Box 3301**
**Lafayette, LA 70502-3301**
**(337) 269-5555**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
     **Monojit Banerjee**

**Shalini Banerjee**
**2034 Sobha Moonstone Apts.**
**Kempapura Maid Rd., Hebbae Kem**
**Bangalore, India,  560024**
**DEFENDANT-APPELLEE**

**PERRET, Judge.**

Appellant, Monojit Banerjee ("Mr. Banerjee"), a Louisiana resident, is seeking custody of his children who currently reside with their mother, Shalini Banerjee ("Mrs. Banerjee"), in India. Both parents became United States citizens through the naturalization process, and their children are United States citizens by way of birth. This matter came before the trial court on a petition for divorce and custody of minor children filed by Mr. Banerjee. The trial court denied the child custody petition for lack of subject matter jurisdiction after applying the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). We agree with the trial court's finding of no jurisdiction for the reasons that follow and now affirm.

## ISSUE FOR REVIEW

This court must decide whether Louisiana has subject matter jurisdiction over this child custody matter.

## FACTUAL AND PROCEDURAL HISTORY

Mr. and Mrs. Banerjee were married in 1994 in Bangalore, India. The couple moved to the United States, to Waterloo, Iowa, and had two children, born in 2005 and 2007. The parties and their children resided in Iowa until 2010. In 2010, the family moved back to Bangalore, India, residing there together until June 14, 2014, when Mr. and Mrs. Banerjee physically separated. Mr. Banerjee remained in India until March 2015. At that time, it is alleged Mrs. Banerjee threatened Mr. Banerjee with physical violence, court action, and criminal penalties. Mr. Banerjee, therefore, fled to the United States, taking up residence and employment in Lafayette, Louisiana. The children remained in India with Mrs. Banerjee and have never resided in the state of Louisiana.

Mr. Banerjee filed for divorce on March 4, 2016, under La.Civ.Code article 103(1). Mrs. Banerjee remains in India with the children, and allegedly refuses to allow Mr. Banerjee to see them. Mr. Banerjee informed the trial court he continues to pay for rent, school, and living expenses for his children. Mr. Banerjee also made a trip to India in May of 2016, in the hopes of seeing his children, but alleges Mrs. Banerjee would not permit it. Mrs. Banerjee allegedly filed a domestic violence lawsuit in India against Mr. Banerjee in 2014, but, according to Mr. Banerjee, no resolution has been reached. However, Mr. Banerjee alleges custody proceedings have never been filed in India.

Counsel for Mr. Banerjee contacted the United States Department of State and the United States Embassy in India for assistance with visitation, but counsel was advised neither agency could facilitate visitation unless Mr. Banerjee obtained a custody judgment from a United States court.

The trial court heard testimony and received evidence at the hearing on Mr. Banerjee's petition for divorce and custody of minor child. Though the trial court granted the divorce, the trial judge indicated he believed there was an issue with jurisdiction over the child custody issue. At the conclusion of the hearing, the trial court left the record open for jurisprudence and statutory law from India to be submitted. Thereafter, Mr. Banerjee submitted a "Memorandum in Response to Issues Raised by This [the trial court] Court" on June 7, 2016.[1]

---

[1] Defendant, Mrs. Banerjee, contemporaneously responded to the petition for divorce and child custody in an e-mail to the court, dated August 2, 2016. The trial court forwarded the correspondence to Mr. Banerjee's counsel on August 19, 2016 and it was filed by the clerk of court on September 21, 2016. The e-mail addressed several allegations made in Mr. Banerjee's petition as well as made several allegations against him. The e-mail also indicated there may be filings related to the children in the Indian court system. While this might be considered a pro se Answer or Opposition, and although the trial court acknowledged receipt of the e-mail in its Reasons for Ruling, there is nothing in the trial court's written reasons or judgment to suggest

The trial court reviewed the information submitted by Mr. Banerjee and the review conducted by the hearing officer, and then determined "India's jurisdictional standards are in substantial conformity with the UCCJEA and the Court does not find that the child custody laws of India violate fundamental principles of human rights." Additionally, the trial court concluded India takes into consideration where the children and the parties have the most substantial contacts and, specifically, that, in this case, that the children and Mrs. Banerjee have never been to the State of Louisiana. The trial court also discussed how India, not Louisiana, would qualify as the children's Home State under the UCCJEA. Mr. Banerjee now appeals the jurisdictional ruling to this court.

## STANDARD OF REVIEW

Whether a court has subject matter jurisdiction is reviewed on appeal under the de novo standard of review. *Chamberlin v. Chamberlin*, 14-1322 (La.App. 3 Cir. 4/22/15), 176 So.3d 1118, *writ denied*, 15-0972 (La. 6/19/15), 172 So.3d 1093; *Otwell v. Otwell*, 10-1176 (La.App. 3 Cir. 2/9/11), 56 So.3d 1232.

## LAW AND DISCUSSION

Louisiana courts have jurisdiction over a minor's status in a "proceeding to obtain the legal custody of a minor if he is domiciled in, or is in, this state." La.Code Civ.P. art. 10(A)(5). However, a second tier of inquiry into the jurisdiction over custody issues exists under the UCCJEA, La.R.S. 13:1801, *et seq.* Even if a Louisiana court has subject matter jurisdiction, that jurisdiction must be declined based on limitations imposed by the UCCJEA. *Albitar v. Albitar*, 16-167 (La.App. 5 Cir. 6/30/16), 197 So.3d 332. The UCCJEA's limitation on jurisdiction

---

the e-mail was accepted as an official pleading or as evidence by the court. Therefore, we will not consider the e-mail on appeal.

was designed to avoid jurisdictional competition among states, to "assur[e] that custody litigation takes place in the state with which the child and his family have the 'closest connection' and where relevant evidence is located, promot[e] a stable home environment, deter[] abductions, and encourag[e] cooperation among the courts of different states." *Id*. at 345, quoting *Stelluto v. Stelluto*, 05-74, p. 8 (La. 6/29/05), 914 So.2d 34, 39.

Additionally, the UCCJEA covers custody issues involving foreign courts and countries. Louisiana Revised Statutes 13:1805 orders Louisiana courts to treat a foreign country as if it were a state. Therefore, when a foreign country makes a custody determination "under factual circumstances in substantial conformity with the jurisdictional standards of this Act," Louisiana must recognize and enforce that determination. La.R.S. 13:1805. But, "if the child custody law of [the] foreign country violates fundamental principles of human rights," Louisiana is not required to apply the UCCJEA. La.R.S. 13:1805(C).

Mr. Banerjee suggests this court has jurisdiction for two reasons. First, Mr. Banerjee argues Louisiana has jurisdiction under the UCCJEA because a foreign court has refused or failed to take jurisdiction over this custody matter. Second, he argues Louisiana is not required to apply the UCCJEA because India's laws violate fundamental principles of human rights by effectively denying Mr. Banerjee contact with his children. We address both arguments below.

**Jurisdiction under the UCCJEA.**

The UCCJEA provides the grounds for a state to assert jurisdiction in a custody case:

> A. Except as otherwise provided in R.S. 13:1816, a court of this state has jurisdiction to make an initial child custody determination only if:

4

(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state, or had been the child's home state within twelve months before commencement of the proceeding and the child is absent from the state because he was required to leave or was evacuated due to an emergency or disaster declared under the provisions of R.S. 29:721 et seq., or declared by federal authority, and for an unforeseen reason resulting from the effects of such emergency or disaster was unable to return to this state for an extended period of time.

(2) A court of another state does not have jurisdiction or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under R.S. 13:1819 or 1820; and

(a) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.

(b) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

(3) All courts having jurisdiction have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under R.S. 13:1819 or 1820; or

(4) No court of any other state would have jurisdiction under the criteria specified in Paragraph (1), (2), or (3) of this Subsection.

B. Subsection A of this Section is the exclusive jurisdictional basis for making a child custody determination by a court of this state.

C. Physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child custody determination.

La.R.S. 13:1813.

Section A(1) of La.R.S. 13:1813 affords jurisdiction to the "home state" of the child. Home State is defined as the "state in which a child lived with a parent . . . for at least six consecutive months immediately before the commencement of a child custody proceeding[.]" La.R.S. 13:1802. Mr. Banerjee, in his Memorandum to the trial court, acknowledged this section does not apply in this case. We agree. According to the definition of Home State in La.R.S. 13:802, the children's Home State would be India. The family moved to India in 2010 and the children have continued living there through the present. Moreover, the Banerjee children have never resided in Louisiana.

Section A(2) of La.R.S. 13:1813 affords jurisdiction to the court of another state only when another court does not have jurisdiction or the Home State declines jurisdiction after finding another forum more appropriate, *and* subsections (a) and (b) are met. Similarly, section A(3) may afford a court, other than the Home State, jurisdiction if "all courts having jurisdiction have declined" to exercise that jurisdiction finding another forum more appropriate. La.R.S. 13:1813(A)(3).

Mr. Banerjee suggests that La.R.S. 13:1813 "does not contemplate a situation where the foreign court has refused or failed to take jurisdiction over the child custody matter." We disagree and consider how other courts, who also implement the UCCJEA, have applied this language in similar factual scenarios.

In the California case of *In re A.C.*, 220 Cal. Rptr.3d 725 (Cal. Ct. App. 6/30/17), a California court concluded it had subject matter jurisdiction although it was not the Home State according to the UCCJEA. The mother, who was born in California, but lived in Mexico, was deported from Mexico back to California along with her two children at the border. San Diego police officers arrived at the border after the mother and children were detained, because they received a call

6

that the mother might be unfit to care for the children. A petition was filed by the San Diego County Health and Human Services Agency because they believed the children were at risk of harm due to the mother's inability to care for them. The mother asserted only a court in Mexico could have jurisdiction over the matter, as she and her children had been residing in Mexico prior to their deportation, and her children had Mexican citizenship. The California district court made good faith attempts to contact the Mexican courts to discover whether they intended to exercise jurisdiction over the custody matter. The California court received no response. After determining the children and mother had substantial contacts with California, i.e. they previously lived in California and had family members residing in California who could provide care for the children, the California court held it had subject matter jurisdiction under the UCCJEA. Specifically the court stated:

> Mother also asserts the court could not exercise subject matter jurisdiction under section 3421, subdivision (a)(2), because there is no evidence showing that the children and at least one parent had significant connections to California other than mere physical presence and that there is [no] substantial evidence available in California concerning the children's care, protection, training, and personal relationships. However, Mother fails to acknowledge and dispute evidence in the record showing that Mother and the children had significant connections to California and that there is substantial evidence in California regarding the children's care, protection, training, and personal relationships. (§ 3421, subd. (a)(2).)

*Id*. at 738-39. Unlike *In re A.C.*, this court is unaware of any attempts by the trial court to contact India's courts, or by Mr. Banerjee, to discover whether India's courts would exercise jurisdiction in this matter.

7

A New York court in *Gharachorloo v. Akhavan*, 889 N.Y.S.2d 256 (N.Y. App. Div. 11/24/09), also refused to exercise jurisdiction where the children were born in New York, but had resided in Iran for several years prior to the father commencing custody proceedings in New York.

Although Mr. Banerjee has not been served with notice of any custody proceedings in India, India is the Home State of the children and has not declined jurisdiction. There is no evidence in the record to show that India has declined jurisdiction in this custody matter, finding Louisiana the more appropriate forum. Mr. Banerjee suggests otherwise and argues India failed to take jurisdiction over the matter, but also admits neither he nor Mrs. Banerjee has sought the assistance of the Indian courts as to child custody matters. However, this court notes that Mr. Banerjee curiously asks the court to consider the delays that have taken place in India "in the case at bar." The only proceedings Mr. Banerjee has informed this court of in India are those related to domestic violence.

Additionally, Mr. Banerjee has not proven that the children have substantial connections to Louisiana. Louisiana Revised Statutes 13:1813(2) requires that when a Home State declines jurisdiction, the child must have significant connections with this state prior to Louisiana having jurisdiction. The children have never lived in or visited Louisiana. The children's only connection to Louisiana is that their father has taken up residence in this state. On the other hand, the children have lived in India since 2010, more than five years before this action was commenced in Louisiana. Their mother lives in India. They also have relatives of both sides of their family in India. Though Mr. Banerjee testified the children do not have extended family in India, he did state his mother, father, and

sister resided there on the date of the trial court hearing,[2] and that Mrs. Banerjee's father and brother live in India. Furthermore, Mrs. Banerjee did not single-handedly decide to uproot her children to India. The family, Mr. Banerjee included, made the decision to move to India in 2010, and resided there together as a family for several years. This fact is a consideration in India's determination of jurisdiction, as seen in material provided by Appellant in the record. For instance, Appellant provided the trial court with the Supreme Court of India's decision in *Surya Vadanan v. State of Tamil Nadu,* AIR 2015 SC 2243 (India) in which India denied jurisdiction after the child was removed from the U.K. by the mother, who unilaterally decided to move the child. Also, see those cases cited therein by India's Supreme Court and Judgment of Sole Custody, *Archana Bansal v. Sanjeev Gopal,* No. 02-4869-M3 (La. 15th Judicial District Court 11/14/02), provided by Appellant.

The trial court summarized its application of the UCCJEA in its Reasons for Ruling as follows:

> In this case, the children and their mother have never been in the State of Louisiana. Further, the father has only lived here for approximately one (1) year prior to instituting these proceedings. Under the UCCJEA, Louisiana is not the home state of the minor children. On the other hand, India would qualify as the home state under the statute. Neither minor child has a significant connection with the State of Louisiana, nor is there substantial evidence available in this state concerning the children's care, protection, training and personal relationships. Also, no other courts having jurisdiction have declined to exercise jurisdiction on the grounds that a court of this state is the more appropriate forum to determine the custody of the children. See R.S. 13:1813.

---

[2] Mr. Banerjee testified that, at the time of the hearing, he was in the process of sponsoring his parents and sister to come to the United States. Mr. Banerjee also testified he has other family living in the United States.

9

After a review of the record and the above discussed jurisprudence, we agree with the trial court's determination that Louisiana does not have jurisdiction under the UCCJEA in this case.

**Non-Application of UCCJEA under La.R.S. 13:1805(C).**

Mr. Banerjee also asserts on appeal that the UCCJEA does not apply in this case. Louisiana Revised Statutes 13:1805 states:

> A. A court of this state shall treat a foreign country as if it were a state of the United States for the purpose of applying Subparts A and B of this Part.
>
> B. Except as otherwise provided in Subsection C of this Section, a child custody determination made in a foreign country under factual circumstances in substantial conformity with the jurisdictional standards of this Act shall be recognized and enforced under Subpart C of this Part.
>
> C. A court of this state need not apply this Act if the child custody law of a foreign country violates fundamental principles of human rights.

Louisiana Revised Statutes 13:1805 mandates that Louisiana courts treat a foreign country as if it were a state of the United States, unless the foreign country's child custody laws violate fundamental principles of human rights. This statute went into effect on August 15, 2007.

Prior to the effective date of La.R.S. 13:1803, the Uniform Child Custody Jurisdiction Act (UCCJA) governed and a similar provision allowed a court to apply the UCCJA to the international arena. La.R.S. 13:1722(2006)(repealed 2007).[3] This provision stated:

---

[3] La.R.S. 13:1701 and 13:1722 were repealed by Acts 2006, No. 822, section 2, effective August 15, 2007. The UCCJEA was introduced by House Bill No. 60. The proposed UCCJEA was recommended by the National Conference of Commissioners on Uniform State Laws in 1997 and, at the time of the House Bill, had been adopted in 42 states.

> The general policies of this Part extend to the international area. The provisions of this Part relating to the recognition and enforcement of custody decrees of other states apply to custody decrees and decrees involving legal institutions similar in nature to custody institutions rendered by appropriate authorities of other nations if reasonable notice and opportunity to be heard were given to all affected persons.

*Amin v. Bakhaty*, 01-1967, p. 10 (La. 10/16/01), 798 So.2d 75, 83. However, the UCCJA at the time of this decision only provided that the trial court could consider a foreign nation to be a "state," but it did not mandate the court to do so.

Under the UCCJA, the Louisiana Supreme Court in *Amin*, upheld Louisiana's jurisdiction over custody, even though Louisiana was not the child's Home State, by concluding there was no other "state," as defined by the UCCJA, and that Louisiana jurisdiction was in the best interest of the child. The UCCJA at the time defined a "state" as "any state, territory, or possession of the United States, the Commonwealth of Puerto Rico, and the District of Columbia." *Amin*, 798 So.2d at 81, fn 11.

In reviewing the best interest of the child, the supreme court quoted the trial court's reasoning:

> When making an award of custody, this Court is compelled to consider Ahmed's best interest. See La. C.C. arts. 131 and 132. The only other forum that could possibly determine custody would be Egypt. However, the Egyptian Court is not compelled to consider the minor child's best interest. Dr. Bakhaty would have the absolute right to guardianship, as well as the right to physical custody. This Court believes that a parent's interest in a relationship with his or her child is a basic human right. *State in Interest of A.C.*, 93-1125 (La.10/17/94), 643 So.2d 743. However, it is most likely that Ms. Amin will be deprived of a relationship with Ahmed if she is forced to return to Egypt to pursue custody or visitation rights, particularly in light of the fact that she has been convicted of removing the minor child from the territory of Egypt without Dr. Bakhaty's

permission. Since the minor child has always lived with his mother, it would not be in his best interests to deprive him of a relationship with her at his age. Therefore, this Court believes that it is in Ahmed's best interest that this Court assume jurisdiction under the provisions set forth in La. R.S. 13:1702(A)(4). An analysis of the provisions of the UCCJA, the statute's stated purpose, and review of other jurisdictions applying the UCCJA leads this Court to the same conclusion.

*Amin*, 798 So.2d at 82. The supreme court further investigated the discretion of the trial court to consider a foreign country a state, and reviewed jurisprudence from Louisiana and other jurisdictions. The supreme court noted:

In exercising that discretion, the courts' recognition of foreign courts generally turned on the following issues: (1) whether the child custody laws of the foreign jurisdiction and those of the United States were similar, particularly in light of considering the best interests of the child; (2) whether foreign custody decrees existed prior to initiating any proceedings in the reviewing court; (3) whether any of the parties were U.S. citizens; and (4) whether the parties received adequate notice and a chance to be heard in the foreign forum.

*Id*. at 84. Furthermore, the most prevalent consideration was whether the foreign jurisdiction "applied the best interests of the child in its *application of their child custody laws*." *Id*. (Emphasis added). In *Amin*, the supreme court affirmed the trial court's decision to decline recognizing Egypt as a "state" "based on the fundamental differences between Egypt's child custody laws and Louisiana's child custody laws. In Louisiana, custody in all cases will be determined by a court in the best interest of the child." *Id*. at 85 (citations omitted). However, "custody laws in Egypt follow strict guidelines, irrespective of the best interest of the child." *Id*. at 85. For instance an expert in the case testified that Egypt follows Islamic law, which under such the concept of "guardianship" provides the father with the absolute right to the guardianship and physical custody of the minor child. *Id*.

12

Additionally, after divorce, the mother's physical custody is generally only allowed if the father lives nearby and can continue to exercise control. *Id.*

The trial court in this case also reviewed *Amin*, and asked Mr. Banerjee to provide information explaining why Mrs. Banerjee's rights and benefits in relation to the children would be greater than his in India. Specifically, the trial court stated, "But the reason they did not apply this [the UCCJEA[4]] is because it did not give the mother any basic civil rights in term of custody of her children. So if it's the same thing in reverse, that information would be very helpful to the Court." The trial court issued Reasons for Ruling which, in part, reviewed the information provided at its request:

> After reviewing all of the information submitted by MR. BANERJEE's counsel, which has been filed into the record of this proceeding, the Court finds that India's jurisdictional standards are in substantial conformity with the UCCJEA and the Court does not find that the child custody laws of India violate fundamental principles of human rights.

After reviewing a recent pronouncement from India's supreme court in the case of *Surya Vadanan v. State of Tamil Nadu,* AIR 2015 SC 2243 (India), the trial court concluded:

> It is clear that the legal principles applied by the court in India are very similar to the provisions of the UCCJEA. More particularly, the India court looks to where the children and the parties have the most substantial contacts.

Furthermore, the trial court found that India's courts are not reluctant to hear child custody matters involving non-citizens, as suggested by Mr. Banerjee. We agree. The articles and material provided by Mr. Banerjee suggest Indian courts

---

[4] The trial court states the UCCJEA was applied in *Amin*, but we note that it was the UCCJA at the time.

will decline jurisdiction over custody matters where children have been brought to India by one parent from a jurisdiction where they have resided for some period of time, and where, in many of those cases, custody proceedings were already initiated before the parent moved the child. That is not the case here, where both parties and the children moved as a family to India in 2010. We also agree with the trial court's conclusion that India's child custody laws do not violate fundamental principles of human rights, finding only that there is a rebuttable presumption in favor of the mother when children are under the age of five, which has no application in the current case.

Although Mr. Banerjee suggests we can consider whether India's laws in general violate fundamental principles of human rights, we disagree. Louisiana Revised Statutes 13:1805(C)(emphasis added) clearly considers the foreign country's child custody laws only, stating, "A court of this state need not apply this Act *if the child custody law of a foreign country violates* fundamental principles of human rights."

Finally, Mr. Banerjee argues, as a non-citizen, he would not have access to Indian Courts. However, the articles and materials Mr. Banerjee provided do not show Indian courts are reluctant to hear custody matters involving non-citizens. Instead, those materials suggest the Indian courts' refusal to hear those cases was based on the fact that one parent made a unilateral decision to bring the child to India, or a foreign court already issued a custody order and the child was removed in violation thereof. After a reading of the record and law we agree with the trial court's above summarizations and conclude that India's child custody laws do not violate fundamental principles of human rights.

## CONCLUSION

Based on the reasons recited above, we find that Louisiana does not have subject matter jurisdiction over this child custody matter. The judgment is affirmed. Costs of this appeal are assessed to Appellant, Mr. Banerjee.

**AFFIRMED.**