BELINDA LASSALLE      *      NO. 2022-CA-0460

VERSUS      *

     COURT OF APPEAL

HONORABLE CHELSEY R.      *

NAPOLEON, IN HER      FOURTH CIRCUIT

OFFICIAL CAPACITY AS      *

CLERK OF COURT FOR THE      STATE OF LOUISIANA

CIVIL DISTRICT COURT FOR      * * * * * * *

THE PARISH OF ORLEANS

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-08871, DIVISION "D"
Honorable Nakisha Ervin-Knott, Judge
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *
(Court composed of Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins, Judge Rachael D. Johnson)

Gary John Giepert
THE GIEPERT LAW FIRM, LLC
4603 South Carrollton Avenue
New Orleans, LA 70119

     COUNSEL FOR PLAINTIFF/APPELLANT

Geraldine Broussard Baloney
Abril B. Sutherland
BROUSSARD BALONEY LAW FIRM
3852 Napoleon Avenue
New Orleans, LA 70125

     COUNSEL FOR DEFENDANT/APPELLEE

         **REVERSED AND REMANDED**

         **DECEMBER 20, 2022**

This is a detrimental reliance case. Plaintiff-Appellant, Belinda Lassalle ("Appellant"), seeks review of the district court's judgment sustaining the exception of lack of subject matter jurisdiction filed by defendant-appellee, the Honorable Chelsey R. Napoleon, in her official capacity as Clerk of Court for the Civil District Court for the Parish of Orleans ("the Clerk's Office"), and the subsequent judgment denying the motion for new trial filed by Appellant. For the reasons set forth below, we reverse the judgment of the district court sustaining the exception of lack of subject matter jurisdiction and remand the matter to the district court for further proceedings.

The Appellant alleges in her Petition that she retired from the Clerk's Office as chief deputy clerk on December 31, 2005. At the time of her retirement, Appellant was fully vested in the Clerk's Office retirement program. Appellant returned to work as a deputy clerk in August 2006. In order to maintain her retirement benefits, Appellee could not work more than a certain number of hours each year. *See* La. R.S. 11:1513.[1] Appellant meticulously kept track of her hours to be certain she did not go over the maximum allowed.

_____

[1] In 2006, La. R.S. 11:1513 provided as follows:

**Reemployment of a retiree**

1

Appellant stopped working for the Clerk's Office some time in 2015 when the number of hours she worked that year approached the maximum number of hours allowed under La. R.S. 11:1513. Appellant told the then Clerk of Court ("the Former Clerk") that she would be willing to return to work if there was any way for her to work without her losing retirement benefits. In November of 2015, the Former Clerk informed Appellant that she could work as an independent contractor and as such, would not be considered "reemployed" by the Clerk's Office and would not be subject to the reduction of benefits provided for in La. R.S. 11:1513.

On November 2, 2015, Appellant entered into a written agreement ("Agreement") with the Former Clerk to return to work as an independent contractor. After entering into the Agreement, the Clerk's Office did not report Appellant's hours to the Louisiana Clerks of Court Retirement and Relief Fund ("LCCR"), and Appellant continued to receive retirement benefits.

By letter dated November 9, 2020, the LCCR informed Appellant that she had worked in excess of the allowable hours in 2015, 2016, 2017, 2018, 2019, and 2020 and thus had been overpaid in retirement benefits during these years. The

A retiree receiving retirement benefits from the system may be temporarily reemployed by a clerk but the retiree shall not be or become a member of the system during such reemployment. If the retiree is reemployed in any capacity for more than sixty working days, or the equivalent thereof, during any calendar year, the benefits payable to the retiree shall be reduced by the amount he earned after sixty working days, or the equivalent thereof. The retiree and the clerk shall immediately notify the board of the date of reemployment, the amount of salary paid, any changes in salary, the number of hours employed per week, the estimated duration of reemployment, and the date of the termination of the reemployment. If the retiree dies during reemployment, benefits shall be paid to any other person as if death occurred regardless of reemployment pursuant to any option which may have been selected by the retiree at the time of retirement.

La. R.S. 11:1513 was amended in 2018 to increase the number of allowable hours to six hundred thirty. *See* Acts 2018, No. 108, § 1.

letter further informed Appellant that LCCR would proceed to collect the overpayments by reducing Appellant's future benefit payments until fully recovered. Appellant contested the overpayment assessment.

A formal administrative hearing was held before the Board of Trustees for the Louisiana Clerks of Court Retirement and Relief Fund (the "Board") on March 8, 2021. The Board issued its written opinion on March 22, 2021. The Board found that Appellant was an "employee" of the Clerk's Office for purposes of La. R.S. 11:1513 during the time she worked after her retirement and that she was overpaid $89,661.43 by the retirement system.

Appellant appealed the Board's decision to the Nineteenth Judicial District Court for the Parish of East Baton Rouge in accordance with La. R.S. 49:964.[2] By judgment rendered on September 29, 2021, the district court denied the appeal. The record does not indicate that an appeal of the district court judgment was taken.

Appellant filed the present action against the Clerk's Office on October 29, 2021. The Petition alleges that "[t]he statements of [the Former Clerk] . . . induced [Appellant] to modify her work schedule to assist the clerk's office with its staffing issues. Unfortunately, this modification worked to [Appellant's] extreme detriment[.]" The Petition further alleges that "[Appellant] reasonably relied on [the Former Clerk] and changed her behavior to her detriment. She has now suffered injuries because of that reasonable reliance[.]"

The Clerk's Office filed several exceptions, including an exception of lack of subject matter jurisdiction based on sovereign immunity. The Clerk's Office alleges that the Louisiana Constitution "does not permit suits in quasi-contract,"

---

[2] La. R.S. 49:964 was redesignated as La. R.S. 49:978.1 by Acts 2022, No. 663, § 1.

including "suits for detrimental reliance," against the state, a state agency, or a political subdivision.

A hearing was held on March 17, 2022. By judgment rendered on March 30, 2022, the district court sustained the exception of lack of subject matter jurisdiction filed by the Clerk's Office. Appellant filed a motion for new trial wherein she alleged that the judgment sustaining the exception of lack of subject matter jurisdiction was "clearly contrary to the law." The matter came for hearing on April 22, 2022, and by judgment signed on May 4, 2022, the district court denied the motion for new trial. This appeal follows.

Appellant's sole assignment of error is that the district court erred in finding that the Clerk's Office was immune from claims based upon detrimental reliance and that the district court had no subject matter jurisdiction to hear this dispute.

Subject matter jurisdiction is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2. Subject matter jurisdiction is created by the constitution or by legislative enactment; the parties cannot confer or waive it. *See* La. C.C.P. art. 3; *McCann v. McCann*, 11-2434, p. 4 (La. 5/8/12), 93 So.3d 544, 547. The defense of sovereign immunity is a challenge to the exercise of a state court's subject matter jurisdiction. *State v. Murphy Cormier Gen. Contractors, Inc.*, 15-111, p. 6 (La. App. 3 Cir. 6/3/15), 170 So.3d 370, 375. Whether a court has subject matter jurisdiction is reviewed on appeal under the *de novo* standard of review. *Banerjee v. Banerjee*, 17-245, p. 3 (La. App. 3 Cir. 12/13/17), 258 So.3d 699, 701.

"Sovereign immunity bars a court from exercising jurisdiction in suits against the state unless the state has elected to waive its immunity." *Mid-City*

4

*Auto., L.L.C. v. Dep't of Pub. Safety & Corr., Off. of State Police*, 21-1024, p. 5 (La. App. 1 Cir. 4/8/22), 342 So.3d 50, 54, *reh'g denied* (5/12/2022), *writ denied*, 22-00918 (La. 10/4/22), 347 So.3d 889 (citing *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30, 35, 132 S.Ct. 1327, 1333, 182 L.Ed.2d 296 (2012)). Article XII, Section 10 of the Louisiana Constitution of 1974[3] contains an unequivocal, self-executing waiver of the state's sovereign immunity as to suit and liability in contract and tort cases. *Fulmer v. State, Dept. of Wildlife and Fisheries*, 10-2779, p. 5 (La. 7/1/11), 68 So.3d 499, 503.

Appellant argues that detrimental reliance claims sound in contract and thus, the constitutional waiver of sovereign immunity applies to such claims. The Clerk's Office counters that claims for detrimental reliance are quasi-contractual claims and fall outside of the waiver of sovereign immunity.

The theory of detrimental reliance is codified at La. C.C. art. 1967, which pertinently provides, "A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying." The doctrine of detrimental reliance is "designed to prevent injustice by barring a party from taking a position contrary to his prior acts, admissions, representations, or silence." *Babkow v. Morris Bart, P.L.C.*, 98-0256 pp. 7-8 (La. App. 4 Cir. 12/16/98), 726 So.2d 423, 427 (internal quotations omitted) (quoting *Orr v. Bancroft Bag, Inc.*, 29,046, p. 3 (La. App. 2 Cir. 1/22/97), 687 So.2d 1068, 1070; *Andrus v. Andrus*, 93-856 (La. App. 3 Cir. 3/2/94), 634 So.2d 1254, 1258).

---

[3] Article XII, Section 10(A), states: "Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property."

A party claiming detrimental reliance must prove three elements by a preponderance of the evidence: "(1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance." *Suire v. Lafayette City-Parish Consol. Gov't*, 04-1459, p. 31 (La. 4/12/05), 907 So.2d 37, 59. "Significantly, to prevail on a detrimental reliance claim, Louisiana law does not require proof of a formal, valid, and enforceable contract." *Id.*

In *Murphy Cormier Gen. Contractors*, the Third Circuit Court of Appeal held that a manufacturer's claim of detrimental reliance against the Department of Health and Hospitals was a contractual claim and, thus, came within the constitutional provision waiving sovereign immunity for contract and tort claims. We are persuaded by the court's reasoning as follows:

> Notably, La. Civ. Code art. 1967 is under that portion of the Louisiana Civil Code that pertains to contracts. Scholarly interpretation of La. Civ. Code art. 1967 buttresses the argument that detrimental reliance claims sound in contract: "the new article of the Louisiana Civil Code subtracts induced reliance from the quasi-delictual field and places it where it belongs, in contract." Saul Litvinoff, *Still Another Look at Cause,* 48 La. L.Rev. 3, 27 (1987). . . .

> The State alleges Murphy's detrimental reliance claim does not sound in contract, and therefore the State is immune from suit. Even if we were to find merit in this claim, which we do not, this court has previously held the State is estopped from alleging Murphy's tort claim has prescribed and that holding is *res judicata*. . . .

> The State made promises to Murphy which it did not keep, and he relied on those promises to his detriment. The State's promise, and his reliance thereupon, form the basis of an enforceable contract. The Louisiana Civil Code Article 1967, Revision Comment (D) provides that "[u]nder this Article, a promise becomes an **enforceable obligation** [a contract] when it is made in a manner that induces the other party to rely

6

on it to his detriment." A formal, written, underlying contract is not necessary to prove the existence of a binding contractual agreement where the plaintiff can show a promise was made, he relied on the promise, the promise was broken, and as a result he suffered loss. . . .

Detrimental reliance, codified in the Louisiana Civil Code under the law of "Conventional Obligations or Contracts" is a claim based on a contractual obligation. This article appears in the Civil Code under the sub-heading "Cause" as part of the law on contracts in La. Civ.Code art.1967, (emphasis added) which provides in pertinent part:

*Cause* is the reason why a party *obligates* himself.

A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying.

*Following the adoption of Article 1967, there clearly was a contract breached in this case because post-1967 claims based on "detrimental reliance" are contractual claims.* . . . The trial court and this court had subject matter jurisdiction to render a valid judgment . . . . The State . . . does not enjoy sovereign immunity to breach its contractual obligations or to engage in activity that deliberately causes "injury to person or property." La. Const. art. 12, § 10(A)-(B).

*Murphy Cormier Gen. Contractors*, 15-111, pp. 4-16, 170 So.3d at 374-81

(emphasis and italics in original).

The Clerk's Office cites *Canal/Claiborne, Ltd. v. Stonehedge Dev., LLC*, 14-0664 (La. 12/9/14), 156 So.3d 627, and *W. Jefferson Med. Ctr. Med. Staff ex rel. Boraski v. State*, unpub., 11-1718 (La. App. 1 Cir. 4/16/13), 2013 WL 7174240, in support of her argument that detrimental reliance claims are quasi-contractual and, thus, fall outside the constitutional waiver of sovereign immunity for contract and tort cases. While *Canal/Claiborne* and *W. Jefferson Med. Ctr.* held that quasi-contractual claims fall outside of art. XII, § 10(A)'s waiver of immunity, these

7

cases presented claims for unjust enrichment, not detrimental reliance, and are therefore inapposite. We agree with the *ratio decidendi* as we previously noted, detrimental reliance claims are contractual.[4]

Finally, the Clerk's Office argues that, in accordance with *Cott Index Co. v. Jagneaux*, 96-860 (La. App. 3 Cir 12/26/96), 685 So.2d 656, a clerk of court may not contractually bind a successor clerk and that, accordingly, the terms of the contract with the Former Clerk are not binding on the Clerk. The Clerk did not raise this argument in the district court, and it is not properly before this court at this time.

For the reasons stated above, we reverse the district court's judgment sustaining the exception of lack of subject matter jurisdiction and remand the matter to the district court for further proceedings.

**REVERSED AND REMANDED**

---

[4] In its appellate brief, the Clerk's Office refers to Appellant's claim for "unjust enrichment." The theory of detrimental reliance is codified at La. C.C. art. 2298, which pertinently provides, "A person who has been enriched without cause at the expense of another person is bound to compensate that person." We interpret the allegations of the Petition to assert a claim for detrimental reliance, an interpretation supported not only by Appellant but also by the Clerk's Office characterization of the Appellant's claim provided in her memorandum in support of exception of lack of subject matter jurisdiction filed in the district court: "[The] Petition makes a claim for detrimental reliance."