Matter of Kevin P. v Ieisha T. (2024 NY Slip Op 03891)

Matter of Kevin P. v Ieisha T.

2024 NY Slip Op 03891

Decided on July 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2023-04829
2023-04830
 (Docket No. V-4988-21/21A/22B/22C)

[*1]In the Matter of Kevin P. (Anonymous), petitioner-appellant, 
v
Ieisha T. (Anonymous), respondent-respondent; Aria B. T. (Anonymous), nonparty-appellant.

Fariah Amin, Long Island City, NY, for petitioner-appellant.
Peter Wilner, Jamaica, NY, attorney for the child, the nonparty-appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Gilbert A. Taylor, J.), dated April 28, 2023, and the subject child separately appeals from a decision of the same court, also dated April 28, 2023, and the order. The order, insofar as appealed from by the father and the subject child, upon the decision, made after a hearing, in effect, granted that branch of the mother's motion which was to dismiss the father's petition for sole legal and physical custody of the subject child for lack of subject matter jurisdiction, dismissed that petition, and dismissed the father's petitions alleging violations of temporary orders of parental access. The father's notice of appeal from the decision is deemed to be a notice of appeal from the order (see CPLR 5512[a]).
ORDERED that the appeal by the subject child from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Co., 100 AD2d 509); and it is further,
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of a child born in 2020 (hereinafter the subject child). The father commenced this proceeding by filing a petition dated April 19, 2021, seeking, inter alia, sole legal and physical custody of the subject child (hereinafter the custody petition). During the pendency of this proceeding, the Family Court issued several temporary orders of parental access, establishing a temporary parental access schedule for the father. In turn, the father filed two petitions, alleging that the mother had violated certain provisions of those temporary orders of parental access (hereinafter the violation petitions).
In January 2022, the mother moved, inter alia, to dismiss the custody petition, arguing that the Family Court lacked subject matter jurisdiction over the proceeding pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (see Domestic Relations Law art 5-a [hereinafter the UCCJEA]). In particular, the mother averred that both she and the subject child had continually [*2]resided in New Jersey since September 2020, which was more than six consecutive months prior to the filing of the custody petition. Both the father and the subject child opposed that branch of the mother's motion which was to dismiss the custody petition. After a hearing on the issue of subject matter jurisdiction, in an order dated April 28, 2023, the Family Court, among other things, in effect, granted that branch of the mother's motion which was to dismiss the custody petition, dismissed the custody petition, and dismissed the violation petitions. The father and the subject child separately appeal.
The UCCJEA is the "exclusive jurisdictional basis for making a child custody determination by a court of this state" (Domestic Relations Law § 76[2]; see Matter of Hannah B. [Theresa B.], 108 AD3d 528, 531). Pursuant to the UCCJEA, "New York courts have jurisdiction to make an initial custody determination if New York is the child's home state" (Matter of Slade v White, 133 AD3d 767, 768; see Domestic Relations Law § 76[1][a]; Matter of Stylianos T. v Tarah B., 161 AD3d 1175, 1176). "Home state" is defined as "the state in which a child lived with a parent . . . for at least six consecutive months immediately before the commencement of a child custody proceeding" (Domestic Relations Law § 75-a[7]; see Matter of Stylianos T. v Tarah B., 161 AD3d at 1176).
"The Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record" (Matter of Kane v Tung, 194 AD3d 718, 719 [internal quotation marks omitted]).
Here, the Family Court's determination that the mother and the subject child lived in New Jersey for more than six months prior to the filing of the custody petition, such that New York was not the subject child's "home state" pursuant to the UCCJEA, is supported by the record. Accordingly, the court correctly determined that it lacked subject matter jurisdiction over this proceeding in, in effect, granting that branch of the mother's motion which was to dismiss the custody petition (see Matter of Gathiaka v Mubea, 202 AD3d 678, 678; Matter of Slade v White, 133 AD3d at 768; Matter of Malik v Fhara, 97 AD3d 583, 584).
Additionally, because the Family Court lacked subject matter jurisdiction over the custody proceeding, the court did not err in dismissing the violation petitions (see Matter of Tamari E. v Auther L., 126 AD3d 697, 697; Matter of Ramirez v Sygutowska, 91 AD3d 787, 787; see also Matter of Scully v O'Connor, 225 AD3d 769, 771; Matter of Charter v Allen, 206 AD3d 994, 994).
The remaining contentions of the father and the subject child are either without merit or not properly before this Court.
DILLON, J.P., DOWLING, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court