Matter of Bess U. (Adam K.) (2025 NY Slip Op 51316(U))

[*1]

Matter of Bess U. (Adam K.)

2025 NY Slip Op 51316(U)

Decided on August 22, 2025

Family Court, Kings County

Paley, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 22, 2025
Family Court, Kings County

In the Matter of an Article 6 Custody/Visitation Proceeding 
 Bess U.[FN1] (Petitioner) Adam K. (Respondent) Orly K.-U.

File No. XXXXXX

Laura M. Paley, J.

Decision
Before the Court is a petition filed by Ms. Bess U.
("Mother") for custody of the infant subject child, Orly. There is currently another petition pending in Monmouth County, New Jersey, filed by Mr. K. ("Father") for custody of the subject child.
The Subject Child was born XX/XX/2025 at Brooklyn Methodist Hospital. It is uncontested that from January to at least April 2025, the child lived with both parents in New [*2]Jersey. In May 2025, the Mother relocated full-time with the child to Brooklyn, New York. On July 21, 2025, the Mother filed the instant petition for custody in Kings County Family Court, Brooklyn, New York.[FN2]
The first appearance on this petition was scheduled for November 6, 2025. Also, on or about July 21, 2025, the Father filed his petition for custody in Monmouth County Superior Court, Monmouth County, New Jersey. Given that simultaneous custody proceedings are pending in two different states, communication between the two courts is required under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA").[FN3]
See Domestic Relations Law §§ 75-i, 76-e. On August 5, 2025, the Monmouth County Superior Court contacted Kings County Family Court [FN4]
to set up a UCCJEA conference, which was scheduled for August 22, 2025. This Court notified the Petitioner's attorney on the instant case of the scheduled conference.[FN5]
,[FN6]

This Court and the New Jersey court held the conference on the record [FN7]
on August 22, 2025, and both judges agreed that New Jersey is the home state of the Child.
"Under the UCCJEA, New York courts have jurisdiction to make an initial custody determination if New York is the child's home state." Matter of Slade v White, 133 AD3d 767, 768 [2d Dept 2015] (citing Domestic Relations Law § 76[1][a]). "Home state" is defined in the UCCJEA as "the state in which a child lived with a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. In the case of a child less than six months of age, the term means the state in which the child lived from birth with any of the persons mentioned." Domestic Relations Law § 75-a[7].
The case at bar is analogous to Nemes v Tutino, 173 AD3d 16 [4th Dept 2019], where the child lived in New Jersey with both parents for the first five months of his life and subsequently moved to New York with his mother. In that case, the mother filed for custody in New York five [*3]and a half months after first moving there. The Appellate Division determined that New York did not have home state jurisdiction under DRL §§ 76[1][a] or 75—a [7] because such jurisdiction only "attaches when the subject child has resided with a parent in New York either since birth or for the six consecutive months immediately preceding the commencement date of a custody proceeding." Nemes, 173 AD3d at 21. "Under the special UCCJEA definition of 'home state' applicable to infants under six months old (Domestic Relations Law § 75—a [7]; NJ Stat Ann § 2A:34—54), New Jersey was the child's 'home state' [at] the date of his birth," and such home state jurisdiction continued for another six months because a parent continued to live there; thus, New York could only feasibly claim home state jurisdiction after the child had lived there for six months. Nemes, 173 AD3d at 25.
In the instant case, although the Child was born in a New York hospital, the Child and her parents were residing in New Jersey at the time and the Child and her parents resided in New Jersey until the Child was approximately three months old. At that point, the Mother and Child relocated to New York State. However, the Father continued to reside in New Jersey. "Because the UCCJEA confers continuing jurisdiction on the state that 'was the home state of the child within six months before the commencement of the proceeding' if a parent lives in that state without the child (Domestic Relations Law § 76[1][a]; NJ Stat Ann § 2A:34—65 [a][1] ), it follows that New Jersey retain[s] continuing jurisdiction of this matter until [October 2025 [FN8]
], i.e., six months after the child's alleged move to New York [in May 2025]..." Nemes, 173 AD3d at 25. As New Jersey was the home state of the Child when the Mother filed the instant custody petition in New York on July 21, 2025 when the Child was not yet seven months old and had resided in New York State for only approximately three months, the instant petition must be dismissed for lack of home state jurisdiction.
It is therefore ORDERED:
The petition is dismissed for lack of home state jurisdiction under DRL §§ 75-a[7]; 76[1][a].
Dated: August 22, 2025
Hon. Laura M. Paley

Footnotes

Footnote 1:All names used in this decision are pseudonyms.

Footnote 2:The Father was served with the petition on July 22, 2025.

Footnote 3:The UCCJEA is codified in New York Domestic Relations Law, Chapter 14, Article 5-a, §§ 75—75-z.

Footnote 4:Initially, the instant case was assigned to a court attorney-referee ("CAR"). Given that the instant case was still pending its first appearance in front of that CAR, and she did not yet have the parties' consent to hear and determine the matter, the case was transferred to this judge.

Footnote 5:No attorney had put in any notice of appearance for the Respondent Father in the New York case.

Footnote 6:Counsel for the Mother submitted to this Court the letter previously sent to the New Jersey judge, the Hon. Scott Arnette, J.S.C., Monmouth County Superior Court, Freehold, New Jersey.

Footnote 7:The UCCJEA conference was recorded by this Court's FTR recording device. A transcript of the conference has been ordered and will be provided to counsel and the New Jersey court upon receipt.

Footnote 8:As the Court is not aware of the exact day in May 2025 that the Mother and Child permanently relocated to New York, it does not know the exact date in October 2025 when New York State might have assumed home state jurisdiction. In event, it would be exactly six months from the date in May.