■ KATHERINE VENIZELOS, Respondent, v NIKITAS VENIZELOS, Appellant. [629 NYS2d 218] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered December 23, 1994, which dismissed plaintiff's divorce action pursuant to CPLR 3211 (a) (7) and converted the action pursuant to CPLR 103 (c) into one for support, granted plaintiff's omnibus application for pendente lite relief to the extent of awarding temporary support, maintenance and child support, tuition and other

private school expenses, interim counsel, accountant and appraisal fees, temporary custody of the three unemancipated children, and injunctive relief as to the parties' marital assets, unanimously modified, on the law, to the extent of deleting those portions relating to the grant of interim accountant and appraisal fees and injunctive relief, and otherwise affirmed, without costs.

While the court properly dismissed the divorce action for plaintiff's failure to meet the one year residency requirement pursuant to Domestic Relations Law § 230, it retained jurisdiction to determine incidental questions of support (see, *Reeves v Reeves*, 57 AD2d 661, 662, *lv dismissed* 42 NY2d 802), maintenance and other expenses, and accordingly, it was not an abuse of discretion for the court to convert the action into a support proceeding under article 4 of the Family Court Act (see, *Goldman v Goldman*, 132 Misc 2d 870, *affd* 124 AD2d 1079; *cf., Parker v Mack*, 61 NY2d 114). The complaint and order to show cause thereafter served on defendant's attorneys described the specific nature of the relief sought, including support, maintenance, custody, fees, necessaries and injunctive relief. As defendant was thus apprised of the claims and afforded an opportunity to be heard, his due process rights were satisfied (see, *Mullane v Central Hanover Bank & Trust Co.*, 339 US 306).

While the award of custody pursuant to Domestic Relations Law § 75-d (1) (b) was proper, as was the award of counsel fees pursuant to Family Court Act § 438 (see, *Polite v Polite*, 127 AD2d 465, 467), the divorce action had been dismissed and consequently, it was error for the court to have awarded accountant and appraisal fees. Likewise the court was also divested of its authority to grant matrimonial relief in the nature of an injunction for the purposes of preserving marital assets for equitable distribution, since a support action being essentially for money only, there was no showing of immediate and irreparable injury not compensable by monetary damages (see, *Krause v Krause*, 112 AD2d 862, 864). Concur—Sullivan, J. P., Rosenberger, Kupferman, Ross and Williams, JJ.