■ B. Clive Wood, Appellant, v Ingrid Wood, Respondent. [647 NYS2d 830] —In an action for a divorce and ancillary relief, the husband appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered August 11, 1995, which granted the wife's motion to vacate the judgment of divorce dated October 29, 1992, entered upon her default.

Ordered that the order is affirmed, with costs.

The principal question presented on this appeal is whether the husband effected valid service on the wife when, at the husband's behest, a German resident personally delivered the summons and complaint to her at her residence in Germany. The Supreme Court found that the aforementioned service was improper and vacated the judgment of divorce that had been entered upon the wife's default.

The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (20 UST 361, TIAS 6638, 658 UNTS 163) is a multilateral treaty designed to provide a simpler way to serve process abroad to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit and to facilitate proof of service abroad (*see, Volkswagenwerk AG. v Schlunk,* 486 US

694, 698; *Vazquez v Sund Emba AB,* 152 AD2d 389, 392; *Rissew v Yamaha Motor Co.,* 129 AD2d 94; *Aspinall's Club v Aryeh,* 86 AD2d 428). Article 10 permits certain forms of personal service of process provided that the State of designation does not object in its ratification to such service. In its ratification, Germany filed an objection to article 10 and declared that service under it shall not be effected. In light of the foregoing, the personal service attempted herein was ineffective. Since a judgment against a defendant is void if the defendant has not been properly served (*see,* CPLR 5015 [a] [4]), the Supreme Court properly vacated the instant judgment of divorce for lack of in personam jurisdiction.

To the extent that the husband's remaining contentions are properly before this Court, they are without merit. Bracken, J. P., Rosenblatt, Altman and Luciano, JJ., concur.