BENIJAYNE SANJUAN, Appellant, v ELMER SANJUAN, Respondent. [892 NYS2d 146]—

The plaintiff mother and the defendant father were married in the Philippines and their daughter was born there. They emigrated to the United States and lived together from August 2005 until late June 2007, when the father took the subject child back to the Philippines. On July 24, 2008 the father filed a petition in the Philippines Regional Trial Court to annul the marriage and for custody of the child. The next day, the mother filed a summons with notice in the Supreme Court for a divorce and ancillary relief, seeking custody of the child. The father moved to dismiss, for lack of subject matter jurisdiction, so much of the complaint as sought custody of the child, and the court granted the motion. Upon, in effect, reargument, the court adhered to the original determination.

Upon reargument, the Supreme Court correctly adhered to the original determination. At the time the proceeding was commenced in the Philippines, the child's "home state" was the Philippines, as she had been living there with the father for a period of approximately 13 months (Domestic Relations Law § 75-a [7]; § 76 [1] [a]). By taking the child to the Philippines, the father did not engage in "unjustifiable conduct" such that the Philippines should have declined jurisdiction (Domestic Relations Law § 76-g [1]). There was no custody order that prevented the father from taking the child to the Philippines. While the mother initially indicated to the Supreme Court that she had no knowledge of their whereabouts, she later stated that several days after the father left with the child, she learned that they were in the Philippines, and the mother's family visited with the child there on several occasions. Since the mother knew of the child's whereabouts, and there was no exist-

ing custody order in place preventing the father from taking the child to the Philippines, the father's conduct was not unjustifiable (see Adoption House, Inc. v P.M., 2003 WL 23354141,*7-8, 2003 Del Fam Ct LEXIS 227, *20-26; Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 76, 2009 Pocket Part, at 142 ["(O)ne may not hide a child for six months and then claim home state jurisdiction"]; Uniform Child Custody Jurisdiction and Enforcement Act § 208, Comment [1997] [noting, as an example of unjustifiable conduct, a parent abducting the child pre-decree and establishing a new home state]; see also Penal Law § 135.00; People v McDonald, 147 Misc 2d 33, 35-36 [1990]; Haywood v Superior Ct., 77 Cal App 4th 949, 956-957, 92 Cal Rptr 2d 182 [2000]; Uniform Child Custody Jurisdiction Act § 8, Comment [1968]). Even if the father's conduct had been unjustifiable, the mother acquiesced to the jurisdiction of the Philippines (see Domestic Relations Law § 76-g [1] [a]). According to the mother, she filed a summons with notice about a month after the father left for the Philippines, but that action "expired" because she was unsuccessful in effecting service. The mother did not recommence her action until almost one year later. By waiting, the mother acquiesced to the jurisdiction of the Philippines (see Uniform Child Custody Jurisdiction and Enforcement Act § 208, Comment [1997] ["(i)f the other party has acquiesced in the court's jurisdiction, the court may hear the case. Such acquiescence may occur . . . by not filing in the court that would otherwise have jurisdiction under this Act"]).

The mother's remaining contention is without merit. Skelos, J.P., Eng, Leventhal and Chambers, JJ., concur.