■ In the Matter of RANDY SCHLEGER, Respondent, v ALEXANDRA STEBELSKY, Appellant. (Proceeding No. 1.) In the Matter of ALEXANDRA STEBELSKY, Appellant, v RANDY SCHLEGER, Respondent. (Proceeding No. 2.) [913 NYS2d 334]—

In related child custody and visitation proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Nassau County (Bennett, J.), dated March 10, 2010, as declined jurisdiction over the matter pursuant to Domestic Relations Law § 76-g, dismissed the petitions, and directed the parties to file any further requests for relief in the State of Florida.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the petitions pertaining to the subject child are reinstated, and the matter is remitted to the Family Court, Nassau County, for further proceedings.

The mother and the father, who were never married, had one child together, born in New York on August 16, 2004. Two months after the child's birth, at which time, the mother and the child resided in New York, and the father resided in Florida,

the mother filed petitions in New York seeking an order of filiation and an order of support, which relief was granted. According to the father, the mother moved to Florida in May 2005, and resided there continuously through December 2005, at which time the father filed a petition in Florida seeking visitation. The Florida proceeding was dismissed, however, based upon the Florida court's erroneous conclusion that the prior New York filiation proceeding deprived the Florida court of subject-matter jurisdiction pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (*see* Fla Stat Ann § 61.514 [1] [a]). The father and the mother thereafter filed petitions in New York, where the mother and child were then residing, seeking, respectively, visitation and custody, but neither party informed the New York court, as required, of the proceedings held in Florida (*see* Domestic Relations Law § 76-h [1] [a]).

A final order granting custody to the mother and visitation to the father was entered upon the consent of the parties. The mother and the father subsequently filed several petitions in New York, inter alia, to modify the final order of custody and visitation, and the father also sought an order transferring jurisdiction of the matter to Florida. Upon learning, for the first time, of the Florida proceedings, the New York court held a telephone conference with the Circuit Court of the Fifteenth Judicial Circuit, Palm Beach County, Florida, during which it was determined that Florida had been the "home state" of the child at the time the father's original visitation proceeding was filed in that state and, thus, that Florida had jurisdiction to make the initial child custody determination (Domestic Relations Law § 76; Fla Stat Ann § 61.514 [1] [a]). Nonetheless, the Florida court determined that, under the circumstances, including the fact that the New York court had already entered a final order of custody and visitation, Florida was an inconvenient forum and New York was the more appropriate forum (*see* Fla Stat Ann § 61.520; *see also* Domestic Relations Law §§ 76-f, 76 [1] [b]).

Following the Florida court's determination to decline jurisdiction, the father argued before the Family Court that New York had originally entertained the matter only because of misconduct on the part of the mother, and he contended that the mother should not be rewarded for such misconduct. The Family Court then held a hearing to determine whether it should decline to exercise jurisdiction pursuant to Domestic Relations Law § 76-g, by reason of unjustifiable conduct on the part of the mother. After the hearing, the Family Court declined jurisdiction over the matter, and, thus, dismissed the pending

petitions and directed the parties to seek any further relief in Florida.

Domestic Relations Law § 76-g mandates, with certain exceptions, that "if a court of this state has jurisdiction under [Domestic Relations Law article 5-A] because a person seeking to invoke its jurisdiction has engaged in unjustifiable conduct, the court shall decline to exercise its jurisdiction" (Domestic Relations Law § 76-g [1]).

Contrary to the father's contentions, the Family Court's jurisdiction over this matter was not gained by virtue of any "unjustifiable conduct" on the part of the mother. The father's and the mother's visitation and custody petitions were filed in New York after the Florida court had dismissed the father's initial visitation proceeding for lack of jurisdiction. While the decision of the Florida court dismissing the visitation proceeding was later determined to be incorrect (*see* Fla Stat Ann § 61.514 [1] [a]), the record demonstrates that, as determined by a Florida court, any error in that regard was not caused by any fraudulent misrepresentations made by the mother, but rather by a misinterpretation of the relevant law. Accordingly, contrary to the father's assertion, to the extent that such conduct could constitute "unjustifiable conduct" pursuant to Domestic Relations Law § 76-g, the father failed to establish that the New York court obtained jurisdiction over this matter by virtue of any fraud committed by the mother on the Florida court.

The father has further failed to demonstrate any misconduct on the part of the mother in returning with the child to New York, which was her state of residence prior to the child's birth, and where she had been residing with the child since his birth, before relocating to Florida. There was no custody order issued, or any other order of any court, that would have prevented the mother, in whose continuous custody the child had remained since his birth, from returning to New York, and there is no allegation that the father was ever unaware of the child's whereabouts. Under the circumstances presented, the mother's conduct in returning to New York was not "unjustifiable" (Domestic Relations Law § 76-g [1] [b]; *see Sanjuan v Sanjuan,* 68 AD3d 1093, 1095 [2009]; *see also* Uniform Child Custody Jurisdiction and Enforcement Act [1997] § 208, Comment [noting, as an example of unjustifiable conduct, a parent abducting the child pre-decree and establishing a new home state]; *cf. Matter of Grace G. v Beeno G.,* 12 Misc 3d 1184[A], 2006 NY Slip Op 51443[U] [2006]). Moreover, "unjustifiable conduct" for purposes of declining jurisdiction is limited to conduct that

actually creates the court's jurisdiction. Here, the determination to decline jurisdiction was improperly based, in part, on the mother's conduct during proceedings held in New York after jurisdiction was placed here (Domestic Relations Law § 76-g [1]; *see* Uniform Child Custody Jurisdiction and Enforcement Act [1997] § 208, Comment).

In any event, even if the mother's conduct had been "unjustifiable," the statute directs that jurisdiction should not be declined, despite unjustifiable conduct, where "a court of the state otherwise having jurisdiction . . . determines that this state is a more appropriate forum" (Domestic Relations Law § 76-g [1] [b]). Thus, the Family Court improperly declined to exercise its jurisdiction because the Florida court, the court otherwise having jurisdiction, had already determined that Florida was an inconvenient forum, and that New York was a more appropriate forum under the circumstances (*see* Domestic Relations Law § 76-g [1] [b]).

In light of the foregoing, we need not reach the mother's remaining contentions. Skelos, J.P., Dickerson, Belen and Lott, JJ., concur.