■ In the Matter of SARA ASHTON McK., Appellant, v SAMUEL BODE M., Respondent. [974 NYS2d 434]—

Order, Family Court, New York County (Fiordaliza A. Rodriguez, Referee), entered on or about May 30, 2013, which granted respondent father's motion to dismiss the mother's custody petition, unanimously reversed, on the law, without costs, the motion denied, the petition reinstated, and the matter remanded for further proceedings consistent herewith.

The Family Court properly found that New York is the child's home state, based "on the literal construction of the statute," since the mother gave birth on February 23, 2013, in New York and the child lived in New York continuously until the time of the mother's filing of her custody petition, two days later. However, the court erred in declining to exercise jurisdiction pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) (Domestic Relations Law art 5-A)

to determine the mother's petition for initial custody of the child.

The California court did not have "jurisdiction substantially in conformity" with the UCCJEA (*see* Domestic Relations Law § 76-e), since the father's paternity petition, filed in California on November 15, 2012, did not initiate a proper *custody* proceeding, because the child had not yet been born. Under the UCCJEA, courts cannot exercise subject matter jurisdiction over custody proceedings filed prior to the birth of a child (*see e.g. Waltenburg v Waltenburg*, 270 SW3d 308, 316-317 [Tex App, 5th Dist 2008]).

We are unpersuaded that the mother engaged in "unjustifiable conduct" to gain the Family Court's jurisdiction (*see* Domestic Relations Law § 76-g; *Matter of Schleger v Stebelsky*, 79 AD3d 1133 [2d Dept 2010]). While "unjustifiable conduct" is not defined by statute, courts generally apply this provision where a child has been removed contrary to an existing custody order (*see Adoption House, Inc. v P.M.*, 2003 WL 23354141, *7, 2003 Del Fam Ct LEXIS 227, *22 [Oct. 9, 2003, No. 02-12-07TN]). We therefore, disagree with the Referee's finding that the mother's "appropriation of the child while in utero was irresponsible" and "reprehensible" and warranted a declination of jurisdiction in favor of the California court. Rather, the mother's conduct at issue here amounts to nothing more than her decision to relocate to New York during her pregnancy. Further, we reject the Referee's apparent suggestion that, prior to her relocation, the mother needed to somehow arrange her relocation with the father with whom she had only a brief romantic relationship. Putative fathers have neither the right nor the ability to restrict a pregnant woman from her constitutionally-protected liberty (*see Matter of Wilner v Prowda*, 158 Misc 2d 579 [Sup Ct, NY County 1993] [refusing the putative father's request to determine custody of the parties' unborn child and restrain his then-pregnant wife from leaving New York]).

Family Court erred in declining jurisdiction on the basis of an inconvenient forum (*see* Domestic Relations Law § 76-f [1]; *Matter of Greenidge v Greenidge*, 16 AD3d 583 [2d Dept 2005]). Although "[a] determination as to whether a court is an inconvenient forum is left to the sound discretion of the trial court after consideration of eight enumerated factors" (*Matter of Frank MM. v Lorain NN.*, 103 AD3d 951, 952 [3d Dept 2013]; *see* Domestic Relations Law § 76-f [2]), the Referee did not consider all of the relevant factors in reaching its determination that New York was an inconvenient forum (*see Matter of Blerim*

*M. v Racquel M.*, 41 AD3d 306 [1st Dept 2007]). The father appears to be in a superior financial position to the mother, there is an approximate 3,000 mile distance between New York and California, the mother has now established herself as a New York resident, the child was born in New York and has never resided in California, and New York is the child's "home state." The UCCJEA "elevates the 'home state' to paramount importance in both initial custody determinations and modifications of custody orders" (*Gottlieb v Gottlieb*, 103 AD3d 593, 594 [1st Dept 2013], quoting *Matter of Michael McC. v Manuela A.*, 48 AD3d 91, 95 [1st Dept 2007], *lv dismissed* 10 NY3d 836 [2008]). While there is every indication that each court has the ability to decide the issues expeditiously, a court of this State is no less competent to determine the issues and assess the credibility of the parties than a judge of the California court.

Although the Referee found the mother's conduct to be a relevant factor, her relocation to New York with her fetus did not constitute conduct capable of supporting the Referee's decision to decline jurisdiction based on inconvenient forum. Concur—Gonzalez, P.J., Friedman, Sweeny, Moskowitz and Clark, JJ.