■ VIKRAM J., Respondent, v ANUPAMA S., Appellant. [999 NYS2d 411]—

Order, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about June 6, 2014, which, to the extent appealed from, directed respondent to appear in New York to litigate custody of the parties' child, unanimously reversed, on the law, without costs, and the order vacated to that extent.

Respondent's actual notice of the custody proceedings is insufficient to subject her to the court's jurisdiction (*see Frankel v Schilling*, 149 AD2d 657 [2d Dept 1989]). She was not properly served with process. The Central Authority of India, where respondent resides, did not send a certificate of service to petitioner, as required by article 15 of the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (20 UST 361, TIAS No. 6638 [1965]). Nor has a showing been made that the Central Authority actually transmitted the documents to respondent or that a period of not less than six months had elapsed after the date of petitioner's transmission of the documents to the Central Authority.

We note that the service attempted by petitioner's friend was ineffective. As India has objected to article 10 of the Convention, service is required to be effected pursuant to article 5, i.e. either by or at the behest of the Central Authority (*see Wood v Wood*, 231 AD2d 713 [2d Dept 1996], *lv dismissed in part, denied in part* 89 NY2d 1073 [1997]). Concur—Sweeny, J.P., Andrias, Saxe, DeGrasse and Gische, JJ.