■ ZAHIRA VALJI, Respondent, v ALI VALJI, Appellant. [12 NYS3d 95]—

Order, Supreme Court, New York County (Ellen Gesmer, J.), entered on or about December 24, 2014, which, to the extent appealed from, denied defendant husband's motion to dismiss the action on the ground of forum non conveniens, unanimously affirmed, without costs.

In this action for divorce, the motion court did not err in sua sponte retaining jurisdiction over the parties' child custody and support issues even though the divorce action cannot be maintained due to a failure to satisfy the residency requirement (*see Venizelos v Venizelos*, 216 AD2d 206 [1st Dept 1995], *lv dismissed* 86 NY2d 861 [1995]). The record supports the court's finding that New York is the child's home state since she resided here for more than six months prior to the commencement of the action (*see* Domestic Relations Law § 76 [a]).

Plaintiff wife's relocation to New York with the child in March 2014 without obtaining defendant's consent did not constitute "unjustifiable" conduct since there was no custody order preventing her from doing so (*see Matter of Sara Ashton McK. v Samuel Bode M.*, 111 AD3d 474, [1st Dept 2013]; *Matter of Schleger v Stebelsky*, 79 AD3d 1133, 1135 [2d Dept 2010]). We note that defendant, who communicated with the child daily via Skype and was aware of her precise location, did not take any legal action to secure the child's return prior to the commencement of this action. Accordingly, his challenge to plaintiff's assertion of jurisdiction based on the child's home state is unpersuasive (*see Sanjuan v Sanjuan*, 68 AD3d 1093, 1094-1095 [2d Dept 2009]).

Although the motion court did not explicitly consider all of the factors in Domestic Relations Law § 76-f (2), we may consider them based on the sufficiency of the record (*see Matter of Anthony B. v Priscilla B.*, 88 AD3d 590 [1st Dept 2011]). Our review of the relevant factors (*see* Domestic Relations Law § 76-f [2] [a]-[h]), supports the motion court's conclusion that New York is not an inconvenient forum. Travel between New

York and Tanzania is at least 21 hours, and although defendant argued that this significant distance and travel time would be burdensome for him, the burden that would be imposed on the parties' very young child is greater. For more than one year, the child has been residing in New York, and has attended school here. Evidence regarding her current care, well-being, and personal relationships, as well as all of the evidence pertaining to her education is located here.

Further, the child lived in Tanzania for approximately the first year of her life and even then she traveled to Dubai, her country of birth, for medical treatment. Thus, there is little material evidence in Tanzania, where defendant resides. Although defendant provided a list of potential witnesses in Tanzania who may have testimony relating to relevant issues, the motion court correctly observed that they may testify via video conferencing (*see* Domestic Relations Law §§ 75-j, 75-k; *Matter of Blerim M. v Racquel M.*, 41 AD3d 306, 311 [1st Dept 2007]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Sweeny, Renwick, Saxe and Feinman, JJ.