Matter of Joshua A. v Shaquanda T. (2023 NY Slip Op 06077)

Matter of Joshua A. v Shaquanda T.

2023 NY Slip Op 06077

Decided on November 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 28, 2023

Before: Oing, J.P., Gesmer, Mendez, Shulman, Rodriguez, JJ. 

Docket No. V-15726-21/21A, V-15727-21/21A Appeal No. 1086 Case No. 2023-01953 

[*1]In the Matter of Joshua A., Petitioner-Appellant,
v
Shaquanda T., Respondent-Respondent. 

Carol Kahn, New York, for appellant.
Mozo Law, Fresh Meadows (Gladys Mozo of counsel), for respondent.

Order, Family Court, Bronx County (Jennifer S. Burtt, Ref.), entered on or about March 30, 2023, which dismissed, with prejudice and on the ground of lack of jurisdiction, petitioner father's petition for enforcement of a visitation order, unanimously affirmed, without costs.
Family Court no longer has "exclusive, continuing jurisdiction" over this matter under the Uniform Child Custody Jurisdiction and Enforcement Act, Domestic Relations Law § 75 et seq. (UCCJEA), as neither the children nor their parents presently live in this State (Domestic Relations Law § 76-a[1][b]; cf. Matter of Helmeyer v Setzer, 173 AD3d 740, 742 [2d Dept 2019]). Neither party disputes that when the father filed the enforcement petition, he was living in New Jersey, and the mother and children were living in North Carolina.
It is troubling that the mother moved with the children to a location that is too far from New York to permit the alternate Saturday day visits contemplated in the order that the father seeks to enforce, but that does not change the result. Whether or not the mother left New York unlawfully, the fact remains that the father himself also does not live in the State, thus depriving Family Court of exclusive, continuing jurisdiction regardless of the mother's conduct (cf. Matter of Pettiford v Clarke, 133 AD3d 666, 667 [2d Dept 2015]; Matter of Nelson v McGriff, 130 AD3d 736, 737 [2d Dept 2015]).
We reject the father's argument that a hearing was required to determine whether the children retained a "significant connection" to New York for the same reason, since Family Court properly found that it lacked exclusive, continuing custody jurisdiction based solely on its determination that the parents and children do not presently reside in New York (Domestic Relations Law § 76-a[1][b]). Furthermore, even if that had not been the case, there is no support in the record for the father's claim that the children's grandmothers live here. His arguments that he is close enough to New York to continue to litigate here, and that the New York court "has the prior case history," are also unavailing, as he cites no authority to show these elements would suffice to confer jurisdiction under Domestic Relations Law § 76-a(1)(a). Nor does the father articulate what "substantial evidence" might still be available in New York "concerning the [children's] care, protection, training, and personal relationships" (Domestic Relations Law § 76-a[1][a]). The father argues in the alternative that, even if Family Court correctly found that it did not have exclusive, continuing jurisdiction under Domestic Relations Law § 76-a(1), it could have exercised discretionary jurisdiction under Domestic Relations Law § 76-a(2) if it found that it had initial child custody jurisdiction under Domestic Relations Law § 76. We reject this argument. As discussed above, neither child and neither parent lives in New York, and the father has failed to make out a prima facie showing that the children [*2]and either parent have a "significant connection" to New York and that there is "substantial evidence . . . available in this state concerning the [children's] care, protection, training and personal relationships" (Domestic Relations Law § 76[1][a] and [b]).
The father also points out that it appears that no other court would have had original custody jurisdiction at the time the father filed his enforcement petition (Domestic Relations Law § 76[1][d]). Had he sought to modify the existing custody or visitation orders, this might have been a basis for Family Court to exercise jurisdiction. However, the father's petition seeks only enforcement of the visitation order. The plain language of the discretionary provision of Domestic Relations Law § 76-a(2) provides jurisdiction only for modification of this state's custody orders, and the father has not provided any authority for application of Domestic Relations Law § 76-a(2) to requests for enforcement.
We do not entertain the father's arguments concerning forum non conveniens, as he did not raise them before Family Court (see e.g. Matter of Joseph II. v Brandy JJ., 210 AD3d 1315, 1318 [3d Dept 2022]). Moreover, had we considered these arguments, we would have rejected them, since the father failed to demonstrate that Family Court had jurisdiction over his enforcement petition, a necessary prerequisite for a court to conduct inconvenient forum analysis under Domestic Relations Law § 76-f. We also decline to address the father's arguments concerning the confidentiality order, as no notice of appeal was filed from that order (see Matter of Daniela P.C. [Maria C.A.], 166 AD3d 423, 424 [1st Dept 2018]).
We have considered the father's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 28, 2023