Matter of Vikram J. v Anupama S. (2025 NY Slip Op 00193)

Matter of Vikram J. v Anupama S.

2025 NY Slip Op 00193

Decided on January 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 14, 2025

Before: Kern, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Docket No. V-41775/13 Appeal No. 3483 Case No. 2023-06106 

[*1]In the Matter of Vikram J., Petitioner-Appellant,
v
Anupama S., Respondent-Respondent.

Arnoux Sharma Standeford, LLC, Chicago, IL (Molshree A. Sharma and Jonathan R. Standeford of the bar of the State of Illinois, admitted pro hac vice, of counsel), for appellant.

Order, Family Court, New York County (Jessica I. Bourbon, J.), entered on or about October 27, 2023, which, after an inquest, dismissed petitioner father's custody petition with prejudice, unanimously affirmed, without costs.
As related at the trial of this matter, the parties were married and had a child born of the marriage in New York on August 19, 2009. In June 2013, the parties separated, and respondent mother moved out with the child.
In August 2013, petitioner travelled to India to see his father, who was gravely ill. The mother and child arrived several days later, without first notifying the father. Petitioner's father died, and the parties had a disagreement about the mother's presence in the father's family home. The mother called the police, and the father stayed elsewhere for the remainder of his trip. After several weeks, the father concluded funerary and estate matters and returned to New York. The mother remained in India with the child.
The father sought to have the child returned to New York. In October 2013, the father filed a custody petition, alleging that the mother had removed the child from school and moved to India without his knowledge or consent. In December 2014, this Court reversed a Family Court order directing the mother to appear in New York to litigate the custody issue. Because the father failed to comply with the service provisions prescribed by the Hague Convention, we held that the mother's actual notice of the custody proceeding was insufficient to subject the mother to the Family Court's jurisdiction (see Vikram J. v Anupama S., 123 AD3d 625 [1st Dept 2014]).
The mother has never appeared for any Family Court proceedings, although, beginning in 2015, multiple orders were issued awarding the father temporary custody. Meanwhile, the father participated, to some extent, in custody proceedings initiated by the mother in the Indian courts. It appears that no order was issued in the Indian proceedings awarding the mother custody. Currently, the child remains with the mother in India, and the father has only limited and sporadic virtual visitation.
Following a trial held over six days between October 2021 and January 2023, Family Court found that there was no longer a connection between the child and New York. The court declined to exercise continuing jurisdiction and dismissed the petition with prejudice.
New York had jurisdiction to make the initial child custody determination, since this was the child's "home state" and the father continued to live here (see Domestic Relations Law §§ 75-a[7], 76[1][a]). Nevertheless, as the father concedes, the mother and the child have neither visited nor lived in New York since the summer of 2013. There is no evidence that the mother violated any custody order or otherwise behaved unjustifiably by taking the child to India. As the child's school and developmental records are in India, where she resides, the father failed to present evidence concerning the child's care, protection[*2], training, and personal relationships that would show a substantial connection between the child and New York (see Matter of Anthony J. v Bayyinah G., 176 AD3d 544, 544 [1st Dept 2019]).
We note that the father has acquiesced to the jurisdiction of the Indian courts by litigating there (see Valji v Valji, 130 AD3d 404, 404 [1st Dept 2014]; Sanjuan v Sanjuan, 68 AD3d 1093, 1094-95 [2d Dept 2009]). Accordingly, Family Court properly declined to exercise its continuing jurisdiction under Domestic Relations Law § 76-a(1)(a) (see Matter of Kevin McK. v Elizabeth A.E., 151 AD3d 600, 600 [1st Dept 2017], lv dismissed in part, denied in part 32 NY3d 944 [2018]).
We have reviewed the father's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 14, 2025