Matter of J.V.B. v H.E.
2026 NY Slip Op 04038
June 25, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of J.V.B., Appellant,
v
H.E., Respondent.

Decided and Entered: June 25, 2026
Docket No. V-31388-89/23/23A|Appeal No. 6958|Case No. 2024-07390|
Before: Webber, J.P., Kapnick, Gesmer, Pitt-Burke, Chan, JJ.

Kenneth M. Tuccillo, Hastings on Hudson, for appellant.
Law Office of Joshua R. Katz, P.C., Jamaica (Joshua R. Katz of counsel), for respondent.
Law Offices of Randall S. Carmel, Jericho (Randall Carmel of counsel), attorney for the children.

[*1]
Order, Family Court, Bronx County (Maura A. Keating, J.), entered on or about November 29, 2024, which dismissed with prejudice petitioner mother's petition for enforcement of a custody and visitation order, unanimously affirmed, without costs.
Family Court properly dismissed this enforcement petition for lack of subject matter jurisdiction. "Family Court no longer has 'exclusive, continuing jurisdiction' over this matter under the Uniform Child Custody Jurisdiction and Enforcement Act, Domestic Relations Law § 75 et seq. (UCCJEA), as neither the children nor their parents presently live in this State" (Matter of Joshua A. v Shaquanda T., 221 AD3d 518, 519 [1st Dept 2023], lv denied 41 NY3d 905 [2024]). There is no dispute that when the mother filed the enforcement petition against the father, she was living in New Jersey, and the father and the children were living in Alabama.
Even if the father violated the custody and visitation order when he left New York with the children, which he disputes, the mother herself does not reside in New York, thus depriving Family Court of exclusive, continuing jurisdiction regardless of the father's conduct (see id.). Domestic Relations Law § 76-g is not applicable as that statute offers a court the authority to decline jurisdiction due to a parent's "unjustifiable conduct," not to confer jurisdiction under the circumstances here (see Matter of Schleger v Stebelsky, 79 AD3d 1133, 1134-1135 [2d Dept 2010]).
The mother maintains that she also sought to modify the existing custody or visitation order, which might have provided a basis for Family Court to exercise jurisdiction if no court in another state had or sought jurisdiction (see Matter of Joshua A., 221 AD3d at 520). However, the mother's petition sought only enforcement of the custody order. There is no indication in the record that any modification petition was ever filed, served, or addressed by the court.
To the extent the mother contends that it was in the children's best interest for New York to assume jurisdiction, the best interests analysis has no bearing on the jurisdictional analysis under the UCCJEA, nor does this record establish any facts to support the mother's position.
We have considered the mother's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 25, 2026